917 So.2d 801 (2005)
Gabriel McDOWELL a/k/a Gary McDowell, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02306-COA.
Court of Appeals of Mississippi.
September 13, 2005.
Rehearing Denied January 3, 2006.
*802 Gabriel McDowell, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On October 15, 1999, Gabriel McDowell was convicted of the sale of cocaine by a jury in the Hancock County Circuit Court. McDowell was sentenced to serve thirty years without the possibility of parole imposed as an habitual offender. The supreme court affirmed McDowell's conviction in McDowell v. State, 807 So.2d 413 (Miss.2001). In May 2002, McDowell filed an application in the supreme court for leave to file a motion for post-conviction relief in the trial court. On October 4, 2002, McDowell was granted an evidentiary hearing for the limited purpose of determining whether McDowell was properly sentenced as an habitual offender.
¶ 2. An evidentiary hearing was conducted on November 22, 2002, in the trial court. The trial court found that McDowell had previously committed two felonies, one of which was a crime of violence, and had served more than one year for each conviction. Thus, the trial court determined that, under Mississippi Code Annotated Section 99-19-83 (Rev.2000), the only sentencing option for McDowell was life without parole. Rather than appealing this sentence, McDowell, on March 7, 2003, filed a petition for writ of mandamus, a motion to show cause, a motion for appointment of counsel, and a motion for rehearing in the supreme court. Finding that McDowell should have pursued a direct appeal, the supreme court declined to review his motions and, thus, denied each one.
¶ 3. McDowell then filed a notice of appeal on October 23, 2003, from the trial court's judgment wherein he was re-sentenced to life without parole. In an order dated January 15, 2004, the trial court found that, although McDowell's notice of appeal was untimely, "he should be afforded an opportunity to appeal the ruling on his motion for post-conviction relief, which resulted in his sentence being increased from 30 years without parole to life without parole." However, in an order dated March 17, 2004, the supreme court denied McDowell's application for leave to proceed in the trial court and motion for leave to appeal from the lower court and dismissed with prejudice McDowell's motion to vacate sentence.
¶ 4. In his appeal McDowell argues the following: (1) the re-sentencing was based upon insufficient proof of prior convictions; (2) re-sentencing him violated his right against double jeopardy; and (3) that he was denied his due process right of assistance *803 of counsel during the sentencing stage.

STANDARD OF REVIEW
¶ 5. The standard of review for a denial of a post-conviction motion is as follows: the findings of the trial court must be clearly erroneous in order for this Court to overturn a lower court's denial of a motion for post-conviction relief. McClinton v. State, 799 So.2d 123, 126 (¶ 4) (Miss.Ct.App.2001).

DISCUSSION
¶ 6. According to Mississippi Code Annotated Section 99-39-7 (Supp.2004),
Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, convened for said purpose either in term-time or in vacation, and an order granted allowing the filing of such motion in the trial court.
¶ 7. On March 17, 2004, the supreme court issued an order in case number 2002-M-00733, wherein the panel of three justices ultimately found that "the petitioner's attempt to perfect an appeal from the sentence that the circuit court imposed on November 22, 2003, following his post-conviction relief hearing is untimely. IT IS THEREFORE ORDERED that the Petitioner's Application for Leave to Proceed in the Trial Court and Motion for Leave to Appeal from the Lower Court are hereby denied, and the Motion to Vacate Sentence is dismissed with prejudice." Therefore, we have no jurisdiction to hear McDowell's appeal.
¶ 8. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
KING, C.J., BRIDGES, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.