**Gabriel McDOWELL, Petitioner**

v.

**State of MISSISSIPPI, Ronald King and Jim Hood, Respondents.**

**Civil Action No. 106cv87–LG–JMR.**

United States District Court,
S.D. Mississippi,
Southern Division.

March 14, 2008.

Gabriel McDowell, Leakesville, MS, pro se.

Paula H. Broome, Mississippi Attorney General's Office, Jackson, MS, for Respondents.

### ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING PETITIONER'S WRIT OF HABEAS CORPUS

LOUIS GUIROLA, JR., District Judge.

**BEFORE THE COURT** is the Report and Recommendation [19] of Chief United States Magistrate Judge John M. Roper entered in this cause on June 8, 2007, granting Petitioner Gabriel McDowell's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He filed his [24] Objection to the Report and Recommendation. Respondents State of Mississippi, Ronald King, and Jim Hood filed their [25] Notice of Intent not to File a Formal Response to Petitioner's Objections to the Report and Recommendation. The Court has considered the parties' briefs, the record, and the relevant legal authority and is of the opinion that the Magistrate Judge's Report and Recommendation shall be adopted as the findings of this Court.

Petitioner was convicted of the sale of cocaine in the state court. He was sentenced as an habitual offender, under Mississippi Code Annotated section 99–19–81, and ordered to serve thirty years in the custody of the Mississippi Department of Corrections without parole. After his appeal was affirmed, he moved for Post–Conviction Relief in the state court.

The Mississippi Supreme Court found that he was indicted under a different habitual offender statute (Section 99–19–83) than he was sentenced. The one for which he was indicted required a life sentence, without parole, if one of his previous convictions was a crime of violence. Miss. Code Ann. § 99–19–83 (2008). After an evidentiary hearing, the trial court determined that he was a previous violent offender (for a prior conviction of assault, with intent to ravish). Petitioner was therefore re-sentenced to a term of life in the custody of the Mississippi Department of Corrections without parole.

He filed another motion for Post–Conviction Relief, and argued, *inter alia*, that he was denied the assistance of counsel at his re-sentencing. The Mississippi Supreme Court denied this motion on the merits, and found that he was not entitled to counsel at his re-sentencing.

Petitioner filed his Petition for relief and argued that: (1) he was denied his right to appeal his "illegal sentence;" (2) there was insufficient proof of his habitual offender status; (3) the re-sentencing violated his double jeopardy rights; and (4) he was denied assistance of counsel during the re-sentencing. Magistrate Judge Roper found, and the Respondents conceded, that Petitioner was denied his Sixth Amendment right to counsel at his re-sentencing. Thus, Magistrate Judge Roper recommended that the Petition be granted, and the case be "sent back to the state court for re-sentencing with appointed counsel present to assist McDowell." (Report & Recommendation at 10). Magistrate Judge Roper then found the remaining issues were rendered moot by this decision.

■ Petitioner objects and argues that his other assignments of error still require a ruling. The Court has made a *de novo* review of the objection raised by the Petitioner, and the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of the Petitioner are without merit. Because this case is being remanded for re-sentencing with the assistance of counsel, the Court need not address the remaining claims. The Petitioner's objection is therefore not well-taken. The Court

agrees with and adopts the Magistrate Judge's findings of fact and conclusions of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [19] of Chief United States Magistrate Judge John M. Roper entered in this cause on June 8, 2007, should be, and the same is, hereby adopted as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's 28 U.S.C. § 2254 habeas corpus application is **GRANTED,** and this cause is remanded to the state court for re-sentencing with appointed counsel present to assist Petitioner. A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

## REPORT AND RECOMMENDATION

JOHN M. ROPER, SR., United States Chief Magistrate Judge.

This cause comes before the Court on Gabriel McDowell's Petition [1–1] for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Respondent filed an Answer [9–1] to the Petition asserting several defenses. The Court ordered supplemental briefing regarding Petitioner's claim that he was denied his constitutional right to counsel. Respondent filed a Response [17–1], addressing the questions raised by the Court in its Order for Supplemental Briefing [15–1]. This Court, having been advised in the premises and having considered the entire record, including the state court record, the Petition [1–1], the Answer [9–1], the Petitioner's Response [13–1], Respondent's Supplemental Brief [17–1] and all relevant law, finds that Gabriel McDowell's Petition for Writ of Habeas Corpus should be granted.

## STATEMENT OF THE CASE

On December 7, 1998, Petitioner Gabriel McDowell, ("McDowell") was indicted in the Circuit Court of Hancock County, Mississippi for the sale of cocaine. *See McDowell v. State,* 807 So.2d 413, 416 (Miss. 2001), attached as Exhibit "A" to Respondent's Answer. McDowell's first trial ended in a mistrial. *Id.* In his second trial, McDowell was convicted and sentenced as a habitual offender and ordered to serve thirty (30) years imprisonment without the possibility of parole. *Id.* McDowell, appealed this judgment of conviction and sentence to the Mississippi Supreme Court. On October 31, 2001, the Mississippi Supreme Court affirmed McDowell's judgment of conviction. *Id.* at 413. Thereafter, on May 7, 2002, McDowell filed an "Application For Leave to Proceed in the Trial Court for Relief Pursuant to Mississippi Post Conviction Relief Act" in the Mississippi Supreme Court.[1]

On October, 17, 2002, the Mississippi Supreme Court granted McDowell's application in part and denied it in part. *See* Order, attached as Exhibit "B" to Respondent's Answer. The Court denied McDowell's claims regarding pre-trial identification issues and sufficiency of the evidence pursuant to Miss.Code Ann. § 99–39–21(3)(Rev.2000). The Court also found

---

1. In his application, McDowell raised the following issues: (A) Trial Court erred when sentencing petitioner under § 99–19–83; (B) Trial counsel prejudiced the petitioner when he failed to object to the fatal indictment where the enhancement portion and habitual offender charging language came after the phrase "against the peace and dignity of the state"; (C) Petitioner received ineffective assistance of counsel by failing to interview a potential witness during trial; (D) Trial court erred in allowing prejudicial testimony of agent Karl Aderer concerning photo line up; (E) Whether the evidence in the case was legally sufficient to sustain a verdict of guilty; (F) Newly discovered evidence not available at trial.

that McDowell failed to make a showing of newly discovered evidence pursuant to Miss.Code Ann. § 99–39–5–(1)(e). *Id.* The Court further found that McDowell's claim regarding the effectiveness of his trial counsel failed to satisfy the standards set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.* Finally, the Court determined that the indictment's typographical error, referencing a non-existent statute, was not an error of substance and did not render the indictment to be fatally defective. *Id.*

However, the Court found that the record indicated that the only habitual offender statute referenced by the indictment was Miss.Code Ann. § 99–19–83 (Rev. 2000). *Id.* That statute provides a life sentence for two underlying felony convictions, one of which being a crime of violence. The Court found that the record indicated that McDowell was convicted of assault, with intent to ravish, and that crime was one of the underlying felonies upon which McDowell's habitual offender status rested. *Id.* However, the trial court only sentenced McDowell to thirty (30) years imprisonment, not life imprisonment. The Mississippi Supreme Court found that pursuant to Miss.Code Ann. § 99–19–83 (Rev.2000), life imprisonment was the only option available to the trial court. *Id.* Accordingly, the Court granted McDowell an evidentiary hearing for the limited purpose of determining whether he was previously convicted of two felonies, one being a crime of violence, and to determine whether McDowell may be properly sentenced as an habitual offender under Miss.Code Ann. § 99–19–83 (Rev.2000). *Id.*

On November 22, 2002, the Hancock County Circuit Court held an evidentiary hearing and determined that Miss.Code Ann. § 99–19–83 (Rev.2000) was applicable to McDowell's judgment of conviction. *See*
State Court Clerk's Papers (Cause No.2003–CP–2306), p. 69. The court further found that the only sentence permitted by state law was life without parole. *Id.* Accordingly, on December 16, 2002, the Circuit Court of Hancock County re-sentenced McDowell to serve a term of life imprisonment, without parole, in the custody of the Mississippi Department of Corrections. *Id.*

On August 28, 2003, and September 26, 2003, respectively, McDowell filed a "Motion to Show Cause" and a "Motion for Leave to Appeal from the Lower Court to the Supreme Court"[2] with the Mississippi Supreme Court. *See* Cause No.2002–M–00733. On October 23, 2006, McDowell filed an untimely "Notice of Appeal" in the Hancock County Circuit Court. *See* State Court Clerk's Papers (Cause No.2003–CP–2306), p. 73. Next, McDowell filed an application with the Mississippi Supreme Court seeking leave to pursue post-conviction relief in the circuit court. In this application, McDowell raised the same issues he raised in his first post-conviction motion. *See* Cause No.2002–M–00733. On January 16, 2004, the Hancock County Circuit Court entered an order granting McDowell permission to proceed with his untimely appeal. *See* State Court Clerk's Papers (Cause No.2003–CP–2306), pp. 99–101.

On March 17, 2004, the Mississippi Supreme Court entered an order denying both McDowell's post-conviction application and his motion for leave to appeal. *See* Order, attached as Exhibit "C" to Respondent's Answer. The court found that McDowell did not have a right to counsel in post-conviction proceedings and even if such a right existed, no prejudice resulted from any denial of counsel. *Id.* The court also determined that any issues regarding

---

**2.** In his motion, McDowell assigned the following errors: 1) Petitioner was denied his right to counsel at the evidentiary hearing; and 2) Double jeopardy.

effective assistance of counsel at trial or on appeal were not only barred by res judicata pursuant to Miss.Code Ann. § 99–39–21(2), but were without merit under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.* The court further found that McDowell failed to show any newly discovered evidence that could undermine his conviction. *Id.* Finally, the court found that McDowell's attempt to perfect an appeal, regarding the sentence imposed following his post-conviction relief hearing, was untimely. *Id.*

McDowell later filed an appellant's brief with the Mississippi Supreme Court assigning the following errors: 1) the state failed during the evidentiary hearing to offer sufficient proof of his two prior felony convictions; 2) petitioner's re-sentencing amounted to double jeopardy; and 3) petitioner was denied the assistance of counsel during the evidentiary hearing. *See* Brief for Appellant. Cause No.2003–CP–02306–COA. On September 13, 2005, the Mississippi Court of Appeals dismissed McDowell's appeal on the grounds that the court lacked jurisdiction to hear untimely appeals. *See McDowell v. State,* Cause No.2003–CP–2306–COA, attached as Exhibit "D" to Respondent's Answer. McDowell filed a motion for rehearing which was denied on January 3, 2006. *See* Cause No.2003–CP–2306–COA.

McDowell filed the instant petition on February 13, 2006 raising the following grounds (as stated by petitioner):

Ground One—Denial of right to appeal, review and exhaustion, for purposes of federal habeas corpus review, on claim of illegal sentence.

Ground Two—Petitioner's resentence to a term of life without parole is illegal whereas this sentence rests upon insufficient proof of prior convictions the state failed to prove and present

into evidence in state court proceedings.

Ground Three—The trial court's resentencing the petitioner to life without parole violated petitioner's double jeopardy rights and in violation of the petitioner's constitutional 6th and 14th amendment due process and equal protection rights of the United States Constitution.

Ground Four—The petitioner was actually and/or constructively denied his due process rights to assistance of counsel during the sentencing stages on November 22, 2002 in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

*See* Petition [1–1] for Writ of Habeas Corpus.

On April 26, 2007, this Court entered on Order [15–1] requiring Respondent to file a supplemental brief. Specifically, the Court sought further briefing from Respondent concerning whether McDowell's re-sentencing, which occurred after an evidentiary hearing held pursuant to a post-conviction proceeding, either constituted a critical stage requiring the appointment of counsel, or was the type of post-conviction proceeding which necessitates the assistance of counsel. Respondent filed a Supplemental Brief [17–1], addressing the issues raised by the Court in its Order.

## ANALYSIS

Because the Court finds that Petitioner's Habeas Petition should be granted based upon his claim in Ground Four, the Court will only address that issue. McDowell's claim in Ground Four was reviewed by the Mississippi Supreme Court in his "Motion to Show Cause" and denied on the merits. Thus, this claim will be addressed under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA

amended 28 U.S.C. § 2254, which governs the standard of review for petitions for writs of habeas corpus filed by prisoners in state custody. The AEDPA amendments apply to all cases filed after its effective date of April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997),[3] McDowell filed his federal Petition [1–1] in this Court on February 13, 2006. Therefore, this Court will apply § 2254, as amended by the AEDPA.

The amended version of § 2254(d) governs the standard of review and provides as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved with an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d) (1994 ed., Supp. III).

The United States Supreme Court, in *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), explicated the level of deference required under the AEDPA amendments. The Court made a general but important point when it stated that " § 2254(d)(1) places a new constraint on the power of a federal habeas Court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state Court." *Id.* at 412, 120 S.Ct. 1495. More specifically, the Court addressed the two ways in which a state Court decision could be "contrary to" clearly established precedent:

First, a state-court decision is contrary to this Court's precedent if the state Court arrives at a conclusion opposite to that reached by this Court on a question of law.

Second, a state-court decision is also contrary to this Court's precedent if the state Court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

*Id.* at 405, 120 S.Ct. 1495.

■ The Court then discussed the standard set forth in the "unreasonable application" clause. The Court explained that issues which involve a state Court's application of law to facts (i.e., mixed questions) require a federal habeas Court to utilize an analysis derived from the AEDPA's "unreasonable application" clause. *Id.* at 408–09, 120 S.Ct. 1495. The Court summarized its "unreasonable application" clause analysis as follows: "[A] federal habeas Court may grant the writ if the state Court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of that prisoner's case." *Id.* at 413, 120 S.Ct. 1495; *see also Tucker v. Johnson,* 242 F.3d 617, 621 & n. 5 (5th Cir.)(quoting and following *Williams'* "unreasonable application" analysis), *cert. denied,* 533 U.S. 972, 122 S.Ct. 18, 150 L.Ed.2d 800 (2001). In other words, the standard under

**3.** This Court notes that *Lindh* effectively overrules *Drinkard v. Johnson,* 97 F.3d 751 (5th Cir.1996), *cert. denied* 520 U.S. 1107, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997), on this point. *Nobles v. Johnson,* 127 F.3d 409, 413 & n. 4 (5th Cir.1997), *cert. denied,* 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998); *Green v. Johnson,* 116 F.3d 1115, 1120 n. 2 (5th Cir.1997).

§ 2254(d)(1)'s "unreasonable application" clause is whether the state-court decision was objectively unreasonable.[4]

■ Nevertheless, under § 2254(d)(2), grounds may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented. State appellate courts are presumed to have determined the facts reasonably, thus it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.2000); 28 U.S.C. § 2254(e)(1).

■ However, the deferential standards found in the AEDPA amendment do not apply when the state Court has rejected a claim on procedural grounds or when the claim is unexhausted. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir.2001). As a threshold matter, this Court must determine whether a given determination was "on the merits," procedurally barred, or exhausted. *Drinkard*, 97 F.3d at 766. "On the merits" is a term of art that refers to whether a state-court disposition was procedural or substantive. *Green*, 116 F.3d at 1121. *Green v. Johnson* sets forth a three-factor test that speaks to this issue.[5] This Court finds that the Mississippi Supreme Court denied McDowell's claim on the merits. This Court also finds that McDowell's claim in Ground Four is a mixed questions of law and fact. Thus,

subsection (1) of § 2254(d) governs McDowell's claims and this Court cannot grant habeas relief to McDowell unless it determines that the state court's decision involved an unreasonable application of the law to the facts.

In Ground Four, McDowell argues that he, "was actually and/or constructively denied his due process rights to assistance of counsel during the sentencing stages on November 22, 2002, in violation of the Sixth and Fourteenth Amendments of the United States Constitution." *See* Petition. The Hancock County Circuit Court originally sentenced McDowell to thirty (30) years imprisonment. McDowell appealed this judgment of conviction and sentence to the Mississippi Supreme Court. On October 31, 2001, the Mississippi Supreme Court affirmed McDowell's judgment of conviction. McDowell later filed an "Application For Leave to Proceed in the Trial Court for Relief Pursuant to Mississippi Post Conviction Relief Act" in the Mississippi Supreme Court. The Mississippi Supreme Court granted McDowell's application in part and denied it in part. The Mississippi Supreme Court found that pursuant to Miss.Code Ann. § 99–19–83 (Rev. 2000), life imprisonment was the only option available to the trial court. Accordingly, the Court granted McDowell an evidentiary hearing for the limited purpose of determining whether he was previously convicted of two felonies, one being a

---

4. The Court's self-professed most important point was that the term "unreasonable," as used in the AEDPA, connotes an objective standard—i.e., "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 409–10, 120 S.Ct. 1495 (emphasis in original). *Williams* rejects the subjective analysis offered in *Drinkard*, 97 F.3d at 767–768, in favor of an objective standard. *Id.* at 410, 120 S.Ct. 1495; *see also Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir.2001)(recognizing

rejection of *Drinkard's* subjective reading of the AEDPA).

5. In making the determination whether a resolution was on the merits, a court should consider the following factors; (1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state courts' opinions suggest reliance upon procedural grounds rather than a determination of the merits. *Id.*

crime of violence, and to determine whether McDowell may be properly sentenced as an habitual offender under Miss.Code Ann. § 99–19–83 (Rev.2000).

On November 22, 2002, the Hancock County Circuit Court held an evidentiary hearing and determined that Miss.Code Ann. § 99–19–83 (Rev.2000) was applicable to McDowell's judgment of conviction. *See* State Court Clerk's Papers (Cause No.2003–CP–2306), p. 69. The court further found that the only sentence permitted by state law was life without parole. *Id.* Accordingly, on December 16, 2002, the Circuit Court of Hancock County filed on Order re-sentencing McDowell to serve a term of life imprisonment, without parole, in the custody of the Mississippi Department of Corrections.

■■■ The Court recognizes that the United States Supreme Court has explicitly held that there is no protected Sixth Amendment right to counsel in state post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). However, a criminal defendant is constitutionally entitled to assistance of counsel at "every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967). Sentencing is a critical stage of a criminal proceeding during which the Sixth Amendment's right to counsel applies. *See Id.* Although McDowell's resentencing occurred in the context of a post-conviction proceeding, the hearing was nevertheless a sentencing hearing requiring the appointment of counsel. In their Supplemental Brief [17–1], Respondents admit that McDowell's resentencing constituted a critical stage of a criminal proceeding such that the appointment of counsel was necessary.

Furthermore, the Court agrees with Respondents that McDowell's constitutional right to counsel outweighs the interests of state judicial economy in avoiding yet another sentencing hearing resulting in McDowell receiving the same sentence he currently serves. The Mississippi Supreme Court's previous denial of McDowell's claim raised in Ground Four, was both contrary to, as well as, an unreasonable application of clearly established federal law. *See Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336(1967). Accordingly, this Court finds that McDowell's claim in Ground Four should be granted. Respondent submits, and the Court agrees, that this case should be sent back to state court for resentencing with appointed counsel present to assist McDowell.

### *CONCLUSION*

Based on the forgoing analysis, this Court finds that McDowell's Petition for Writ Habeas Corpus should be granted and this case should be remanded to state court for resentencing. In accordance with Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the district Court.

*Douglass v. United Services Auto. Ass'n,*
79 F.3d 1415 (5th Cir.1996).