GRIFFIS, P.J.,
for the Court:
¶ 1. Gabriel McDowell continues his effort to obtain post-conviction collateral relief (PCCR). He was convicted of the sale of cocaine and was sentenced as a habitual offender to thirty years’ imprisonment without the possibility of parole. The Mississippi Supreme Court affirmed his conviction and sentence. McDowell v. State, 807 So.2d 413, 426 (¶ 40) (Miss.2001).
¶ 2. Thereafter, McDowell filed a PCCR motion, and the supreme court granted a limited evidentiary hearing. McDowell v. State, 917 So.2d 801, 802 (¶ 1) (Miss.Ct.App.2005). The circuit court then resentenced McDowell to serve life without parole. Id. at (¶ 3). Subsequently, the supreme court denied McDowell’s application for leave to appeal and dismissed his motion to vacate the sentence. Id.
¶ 3. McDowell then filed a petition for a ■writ of habeas corpus in federal court. McDowell v. State, 552 F.Supp.2d 602, 604 (S.D.Miss.2008). The federal court granted the petition and remanded the case to the circuit court for sentencing. Id. Thereafter, the circuit court resentenced McDowell to serve a term of life imprisonment as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2007). McDowell v. State, 20 So.3d 1216, 1216 (¶1) (Miss.2009). On appeal, the court held:
[T]he judgment of the Hancock County Circuit Court imposing on Gabriel McDowell a life sentence without parole is vacated; and this case is remanded to the Circuit Court of Hancock County with instructions to resentence Gabriel McDowell to a term of imprisonment of thirty years in the custody of the Mississippi Department of Corrections, and such sentence shall not be reduced or suspended, nor shall McDowell be eligible for parole or probation.
Id. at (¶ 2). On February 1, 2010, the circuit court sentenced McDowell as ordered.
¶ 4. In May of 2013, McDowell asked the supreme court for an order and application for leave to proceed in the circuit court. McDowell claimed that he was improperly sentenced; he was subjected to double jeopardy; and his indictment was faulty. The court denied the motion and application.
¶ 5. Despite the supreme court’s denial of leave to proceed, McDowell filed a PCCR motion with the circuit court. The circuit court recognized that McDowell did not have permission of the supreme court *1266 to proceed and denied the motion. McDowell now appeals the circuit court’s decision.
¶ 6. “When a case is affirmed on direct appeal, permission from the Mississippi Supreme Court must be obtained in order to seek post-conviction relief in the circuit court.” Campbell v. State, 75 So.3d 1160, 1161-62 (¶ 7) (Miss.Ct.App.2011) (citing Miss.Code Ann. § 99-39-7 (Supp.2013)). “This procedure is not merely advisory, but jurisdictional.” Id. at 1162 (¶ 7) (quoting Caldwell v. State, 9 So.3d 432, 433 (¶ 6) (Miss.Ct.App.2008)). Additionally, the supreme court’s denial of an application for leave to seek post-conviction relief in the circuit court is a final judgment and bars successive applications. Miss.Code Ann. § 99-39-27(9) (Supp.2013).
¶ 7. The circuit court was correct. Both the circuit court and this Court lack jurisdiction to consider McDowell’s PCCR motion. Accordingly, McDowell’s appeal is dismissed.
¶ 8. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.