GRIFFIS, J.,
for the Court.
¶ 1. Sam Bradford, Sr. appeals his conviction of murder and sentence of life in prison. He argues that the verdict was against the overwhelming weight of the evidence. We find no error and affirm.
FACTS
¶ 2. On August 31, 2003, the Jefferson County Sheriffs Department received a phone call from Bradford who said he had just shot his wife. Upon arriving at the scene, Sheriff Peter Walker found the body of Althea Bradford lying in the driveway with four shell casings nearby. Althea Bradford died from a gunshot wound *1233 to her head. The .38 caliber handgun used in the shooting was in Bradford’s possession. Bradford was arrested.
¶ 3. A Jefferson County jury found Bradford guilty of murder and sentenced him to serve the remainder of his life in the Mississippi Department of Corrections. Bradford filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied by the trial court. Bradford now appeals to this Court.
STANDARD OF REVIEW
¶ 4. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Montana v. State, 822 So.2d 954, 967(¶ 61) (Miss.2002). Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. Id. at 967-68.
ANALYSIS
¶ 5. Bradford argues that the verdict was against the overwhelming weight of the evidence. He claims that no reasonable jury could have been convinced beyond a reasonable doubt that he was guilty of anything other than manslaughter. Bradford asks this Court to reverse his murder conviction and remand for re-sentencing based upon the crime of manslaughter.
¶ 6. Mississippi Code Annotated Section 97 — 3—19(l)(a) (Rev.2000) defines murder as “[t]he killing of a human being without authority of law by any means or in any manner ... [w]hen done with deliberate design to effect the death of the person killed, or of any human being....” “Deliberate design” is synonymous with malice aforethought. Hearvey v. State, 887 So.2d 836, 839(¶ 5) (Miss.Ct.App.2004).
¶ 7. Mississippi Code Annotated Section 97-3-35 (Rev.2000) defines manslaughter as “[t]he killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense.” The chief distinction between murder and manslaughter is the presence of deliberation and malice in murder and its absence in manslaughter. Berry v. State, 575 So.2d 1, 10 (Miss.1990); Carter v. State, 199 Miss. 871, 25 So.2d 470, 473 (1946). A homicide may result from a wilful act or deliberate design without being murder if the killing occurs in necessary self-defense or results from an act committed in the heat of passion without malice aforethought.
¶ 8. Bradford claims that the evidence presented at trial supported heat of passion manslaughter, not malice aforethought. We disagree.
¶ 9. Bradford did not kill his wife in the heat of passion. The record shows that following an argument with Bradford, the victim left the marital home and went to a relative’s house. Bradford, armed with a .38 caliber handgun, followed the victim to the relative’s house and began to threaten her stating: “Mother F* * * * *, what you want to do? What you want to do, g* * d* * * * *? I asked you, what you want to do? Do you want to leave or do you want to die?” Bradford then fired his gun three times, once into the ground and then to the victim’s left and right. Subsequently, Bradford shot the victim in the head. Following the shooting, Bradford had the presence of mind to call the police. He also had the presence of mind to con *1234 sider shooting his wife again, asking a relative, “Can I finish her off?”
¶ 10. Heat of passion manslaughter is defined as:
A state of violent and uncontrollable rage engendered by a blow or certain other provocation given, which will reduce a homicide from the grade of murder to that of manslaughter. Passion or anger suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time. The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment or terror.
Phillips v. State, 794 So.2d 1034, 1037(¶ 9) (Miss.2001) (citations omitted). Here, there is no evidence of “immediate and reasonable provocation” by the victim. The record indicates that in response to Bradford’s question — “Do you want to leave or do you want to die?” — the victim stated that she wanted to stay with him and that she wanted him. There is no evidence that the victim provoked Bradford by yelling, cursing, or threatening him. In fact, the record shows that following the confrontation with Bradford, the victim sat down on a step outside of a relative’s home. It was at this point that Bradford fired three shots around the victim and then one shot into her head.
¶ 11. At trial, a heat of passion jury instruction- was given. It was the jury’s responsibility to determine the grade of homicide committed by Bradford. Lester v. State, 862 So.2d 582, 584(¶ 7) (Miss.Ct.App.2004). We find that the record supports the jury’s verdict of guilty of murder. Therefore, upon review, we find no error.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON COUNTY OF CONVICTION OF MURDER AND SENTENCE TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ„ CONCUR.