LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Taurus Caldwell was found guilty by a jury in the Circuit Court of Leflore County of possession of marijuana with intent to distribute. He was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. Caldwell appealed his conviction, which was affirmed by this Court.
 
 See Caldwell v. State,
 
 938 So.2d 317, 321(1119) (Miss.Ct. App.2006). Caldwell next filed a motion with the supreme court for leave to proceed with a motion for post-conviction relief. The supreme court denied his application, finding that his claims were either procedurally barred or without merit. He filed another motion with the supreme court, which was denied as a successive writ.
 

 ¶ 2. Despite his motion for leave being denied, Caldwell filed a motion with the
 
 *433
 
 trial court to reduce his sentence. The trial court noted that the supreme court had denied his motion for leave and dismissed the motion based on a lack of jurisdiction.
 

 ¶ B. Caldwell now appeals, asserting the following issues: (1) his sentence was disproportionate to the crime with which he was charged, and (2) the trial court erred in failing to conduct an evidentiary hearing. Finding that we lack jurisdiction to hear this case, we dismiss this appeal.
 

 STANDARD OF REVIEW
 

 ¶ 4. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. “The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.”
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). When issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 5. Caldwell concedes that his appeal is procedurally barred since the supreme court denied his motion for leave to proceed in the trial court. However, he argues that both of his issues constitute plain error and should be reviewed.
 

 ¶ 6. When a case is affirmed on direct appeal, Mississippi Code Annotated section 99-39-7 (Rev.2007) mandates that permission be obtained from the supreme court to seek post-conviction relief from the trial court. “This procedure is not merely advisory, but jurisdictional.”
 
 Doss v. State,
 
 757 So.2d 1016, 1017(¶ 6) (Miss.Ct.App.2000).
 

 ¶ 7. Because the supreme court denied Caldwell permission to proceed with his motion, the trial court lacked jurisdiction to entertain his request for post-conviction-relief. Likewise, this Court lacks jurisdiction to entertain an appeal of that action.
 

 ¶ 8. This Court accordingly dismisses this case for lack of jurisdiction.
 

 ¶ 9. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.