ISHEE, J.,
for the Court:
¶ 1. Clyde Campbell, pro se, files this motion for post-conviction relief (PCR), claiming the Adams County Circuit Court erred when it dismissed his PCR motion as procedurally barred by Mississippi Code Annotated section 99-39-5(2) (Supp.2011). Finding the circuit court lacked jurisdiction to hear Campbell’s PCR motion, we affirm the court’s dismissal on other grounds.
FACTS AND PROCEDURAL HISTORY
¶ 2. Campbell was found guilty of aggravated assault and sentenced on July 20, 1990, to life in the custody of the Mississippi Department of Corrections (MDOC), as a habitual offender, without eligibility for parole or probation. This Court affirmed his conviction on direct appeal in an unpublished opinion. Campbell v. State, 704 So.2d 465 (Miss.Ct.App.1997). Campbell had thrown gasoline on his girlfriend, Barbara Dukes, and deliberately lit a cigarette lighter, causing her to be engulfed in flames. Dukes did not die from the accident, but she did suffer serious injuries.
¶ 3. At the sentencing hearing, the State presented evidence to support Campbell’s habitual-offender status. He pleaded guilty in 1974 to assault and battery with intent to kill after shooting a police officer with the Natchez Police Department. The officer lost an eye as a result of the shooting, and he later died as an indirect result of the injuries. Campbell was sentenced to serve five years in the custody of the MDOC, but he served a little more than a year in prison. The State also showed that Campbell had a previous conviction in 1981 for carrying a concealed weapon by a felon. For that crime, Campbell was sentenced to five years in the custody of the MDOC and again served a little over a year in prison.
¶ 4. Campbell’s trial counsel objected to the introduction of the evidence, arguing that the convictions had occurred more than ten years before the current charge; therefore, they could not be considered for purposes of determining habitual-offender status. The circuit court overruled the objection, noting that the rule Campbell’s trial counsel referenced applied to evidence used during the course of the trial, but it was not applicable to habitual-offender status in sentencing. Thus, the evidence was permissible to use for sentencing purposes.
¶ 5. Campbell was sentenced to life in the custody of the MDOC as a habitual offender, without eligibility for parole or probation. Almost nineteen years later, on February 24, 2009, Campbell filed a PCR motion in the circuit court, claiming he had received ineffective assistance of counsel during the sentencing hearing, and as a result of the deficient representation, his sentence as a habitual offender was illegal.
¶ 6. The circuit court denied Campbell’s request for relief and dismissed the PCR motion as being time-barred pursuant to Mississippi Code Annotated section 99-39-5(2). The circuit court also noted that Campbell did not allege nor make any showing of a statutory exception to the time bar. Campbell now appeals.
DISCUSSION
¶ 7. When a case is affirmed on direct appeal, permission from the Mississippi Supreme Court must be obtained in order to seek post-conviction relief in the circuit court. Miss.Code. Ann. § 99-39-7 (Supp. *1162 2011). “This procedure is not merely advisory, but jurisdictional.” Caldwell v. State, 9 So.3d 432, 433 (¶ 6) (Miss.Ct.App.2008) (citation omitted).
¶ 8. Campbell’s application for leave to proceed in the circuit court was denied by the supreme court in August 1998. Because Campbell was denied permission by the supreme court to seek post-conviction relief, the circuit court lacked jurisdiction to entertain his PCR motion. Although the circuit court lacked jurisdiction, this Court has appellate jurisdiction to address the merits of the circuit court’s judgment. See M.R.A.P. 16. See also Miss.Code Ann. § 9-4-3 (Rev.2002).
¶ 9. Campbell was convicted and sentenced on July 20, 1990, but he waited almost nineteen years to fíle a PCR motion. As such, the circuit court dismissed his PCR motion as time-barred. See Miss. Code Ann. § 99-39-5(2). However, we find the circuit court lacked jurisdiction in this matter as the supreme court had denied Campbell’s request for leave to file a PCR motion in the circuit court. It is well-settled law that on appeal this Court may affirm a circuit court’s ruling for different reasons than those offered by the circuit court. Robinson v. State, 19 So.3d 140, 143 n. 1 (Miss.Ct.App.2009) (citations omitted). Accordingly, we affirm the circuit court’s dismissal of Campbell’s PCR motion, but on the grounds that the circuit court lacked jurisdiction.
¶10. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL AND RUSSELL, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. MYERS, J., NOT PARTICIPATING.