ISHEE, J.,
for the Court:
¶ 1. Sam Bradford Sr., pro se, filed this motion for post-conviction relief (PCR), asserting the Jefferson County Circuit Court erred by dismissing his PCR motion as time-barred and barred as a successive writ. Finding the circuit court lacked jurisdiction to hear Bradford’s PCR motion, we affirm the circuit court’s dismissal.
FACTS AND PROCEDURAL HISTORY
¶ 2. After a jury trial, Bradford was convicted of murder and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC). Bradford v. State, 910 So.2d 1232, 1233 (¶ 3) (Miss.Ct.App.2005). He then filed a direct appeal arguing the verdict was against the overwhelming weight of the *165 evidence because no reasonable jury could have convicted him of anything other than manslaughter. Id. at (¶ 5). This Court affirmed his conviction. Id. at 1234 (¶ 11).
¶ 3. Bradford then filed with the Mississippi Supreme Court an application for leave to proceed in the circuit court. On February 22, 2007, the supreme court denied Bradford’s request. The supreme court found the issues raised by Bradford either were raised on direct appeal or could have been raised at that point. Thus, those issues were procedurally barred. The supreme court further found that Bradford’s claim that his sentence was illegal was without merit. A second application for leave to proceed in the trial court was denied by the supreme court on March 3, 2011.
¶ 4. On December 5, 2011, Bradford filed a motion in the circuit court to vacate and set aside his murder conviction and to resentence him for manslaughter. The circuit court treated his motion as a request for post-conviction relief. On December 29, 2011, the circuit court found Bradford’s PCR motion was time-barred and barred as a successive writ; thus, his PCR motion was dismissed. In addition, the circuit court sanctioned Bradford $250 and prohibited him from filing any additional PCR motions until he either paid the $250 or was granted permission from the supreme court to file an additional PCR motion.
¶ 5. On January 13, 2012, Bradford filed a motion for relief from judgment pursuant to Mississippi Rule of Civil Procedure 60(b)(4). The circuit court denied his motion on January 18, 2012. Bradford now appeals arguing that his murder conviction should be vacated and that he should be resentenced for manslaughter.
DISCUSSION
¶ 6. When considering the dismissal of a PCR motion, we review the circuit court’s findings of fact for clear error. White v. State, 59 So.3d 633, 635 (¶ 4) (Miss.Ct.App.2011) (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). We review questions of law de novo. Id.
¶ 7. “When a case is affirmed on direct appeal, permission from the Mississippi Supreme Court must be obtained in order to seek post-conviction relief in the circuit court.” Campbell v. State, 75 So.3d 1160, 1161-62 (¶ 7) (Miss.Ct.App.2011) (citing Miss.Code Ann. § 99-39-7 (Supp.2011)). The dismissal or denial by the supreme court of an application for leave to proceed in the trial court is a final judgment and bars successive applications under the statute. Miss.Code Ann. § 99-39-27(9) (Supp.2012).
¶ 8. Here, the supreme court denied Bradford’s application to proceed in the circuit court on two separate occasions. Nonetheless, Bradford filed a PCR motion in the circuit court on December 5, 2011, which was subsequently dismissed as time-barred and barred as a successive writ. However, because the supreme court never gave Bradford permission to file in the circuit court, the circuit court never had jurisdiction to hear his PCR motion. “Although the circuit court lacked jurisdiction, this Court has appellate jurisdiction to address the merits of the circuit court’s judgment.” Campbell, 75 So.3d at 1162 (¶ 8) (citing M.R.A.P. 16; Miss.Code Ann. § 9-4-3 (Rev.2002)).
¶ 9. The circuit court dismissed Bradford’s PCR motion reasoning it was time-barred and barred as a successive writ. See Miss.Code Ann. § 99-39-5(2) (Supp.2012); Miss.Code Ann. § 99-39-23(6) (Supp.2012). However, as noted above, the circuit court never had jurisdiction to entertain Bradford’s PCR motion. In Mis *166 sissippi, it is well-settled law that appellate courts may affirm a decision by the circuit court on different grounds than those offered by the circuit court. Campbell, 75 So.3d at 1162 (¶ 9). As such, we affirm the circuit court’s dismissal of Bradford’s PCR motion, but on the ground that the circuit court lacked jurisdiction.
¶10. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.