ISHEE, J.,
for the Court:
¶ 1. Billy Ray Dunaway, pro se, appeals the denial of his writ of habeas corpus by the Pike County Circuit Court. The trial court found that all of the issues raised were litigated previously or waived, with the exception of his newly-discovered-evidence argument, which was without merit. Under Mississippi law, we treat a writ for habeas corpus as a motion for post-conviction relief (PCR). Finding the trial court lacked the jurisdiction to entertain Duna-way’s PCR motion, we affirm the trial court’s decision on other grounds.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 2002, Dunaway was convicted of vehicular homicide. He was sentenced as a habitual offender to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC) and ordered to pay a $10,000 fine. Thereafter, Dunaway appealed his conviction. On appeal, this Court affirmed the conviction and sentence on May 3, 2005. Dunaway v. State, 919 So.2d 67, 69 (¶ 2) (Miss.Ct.App.2005).
¶ 3. Dunaway then filed two applications with the Mississippi Supreme Court for leave to seek post-conviction relief in the trial court. On May 28, 2008, the supreme court denied Dunaway’s first application for leave to proceed in the trial court. The supreme court found that he had failed to make a substantial showing of the denial of a state or federal right. On March 30, 2010, the supreme court denied Dunaway’s second application, holding that the application was procedurally barred as a successive writ pursuant to Mississippi Code Annotated section 99-39-27(9) (Supp.2012).
¶ 4. In October 2010, Dunaway nonetheless filed a petition for an order to show cause or, in the alternative, for a writ of habeas corpus. On June 2, 2011, the trial court entered an order. The trial court found that all of the issues raised were litigated previously or waived, with the exception of his newly-discovered-evidence argument. With regard to that argument, the trial court found that Dunaway failed to prove that the evidence qualified as newly discovered evidence or that it would have changed the outcome at trial. Accordingly, his petition was denied. Duna-way now appeals the trial court’s order.
DISCUSSION
¶ 5. The Mississippi Uniform Post-Conviction Collateral Relief Act (UP-CCRA) controls “post-conviction habeas corpus, as well as statutory post-conviction habeas corpus.” Miss.Code. Ann. § 99-39-3(1) (Rev.2007). Therefore, although Dunaway’s petition was titled as a writ of habeas corpus, under Mississippi law, it is considered a PCR motion. See Grubb v. State, 584 So.2d 786, 788 (Miss.1991). As such, his petition is controlled by the UP-CCRA.
¶ 6. When a defendant’s conviction and sentence have been affirmed on direct appeal, permission from the supreme court must be obtained before filing a PCR motion in the trial court. Miss.Code Ann. § 99-39-7 (Supp.2012). “This procedure is not merely advisory, but jurisdictional.” Campbell v. State, 75 So.3d 1160, 1162 (¶ 7) (Miss.Ct.App.2011) (citing Caldwell v. State, 9 So.3d 432, 433 (¶ 6) (Miss.Ct.App.2008)).
¶ 7. In the instant case, Dunaway sought permission twice from the supreme court to file a PCR motion in the trial court. Both applications were denied. Because he was denied permission from the supreme court, the trial court lacked the requisite jurisdiction to entertain his PCR motion. “Although the circuit court lacked jurisdiction, this Court has appellate jurisdiction to address the merits of *119 the circuit court’s judgment.” Campbell, 75 So.3d at 1162 (¶ 8) (citing M.R.A.P. 16; Miss.Code Ann. § 9-4-3 (Rev.2002)).
¶ 8. The trial court denied the PCR motion because all of the issues raised by Dunaway, with the exception of his newly-discovered-evidenee argument, had been litigated previously or waived. With regard to the newly-discovered-evidence argument, the trial court found that Duna-way failed to establish that the evidence could not have been discovered at trial or that the newly discovered evidence would have changed the outcome of the trial. However, as noted above, the trial court did not have the jurisdiction to entertain Dunaway’s PCR motion. Therefore,- his PCR motion should have been dismissed by the trial court for a lack of jurisdiction.
¶ 9. Furthermore, even if the trial court did have jurisdiction, Dunaway’s PCR motion was time-barred. Mississippi Code Annotated section 99-39-5(2) (Supp.2012) states, in part: “A motion for relief under this article shall be made within three (3) years after the time in which the [mov-ant’s] direct appeal is ruled upon by the Supreme Court of Mississippi[.]” Here, Dunaway’s direct appeal was ruled upon on May 3, 2005, and his PCR motion was not filed until October 2010. Thus, his PCR motion fell outside of the three-year time period in which to file a PCR motion timely. Accordingly, even if the trial court had jurisdiction, his PCR motion would have been time-barred.
¶ 10. “It is well-settled law that on appeal this Court may affirm a circuit court’s ruling for different reasons than those offered by the circuit court.” Campbell, 75 So.3d at 1162 (¶ 9). As such, we affirm the trial court’s decision, but on the ground that the trial court lacked jurisdiction.
¶11. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.