**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2013-CP-01976-COA**

SAM BRADFORD, SR. A/K/A SAM BRADFORD                    APPELLANT

v.

STATE OF MISSISSIPPI                                                      APPELLEE

DATE OF JUDGMENT:              10/09/2013
TRIAL JUDGE:                        HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:  JEFFERSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     SAM BRADFORD SR. (PRO SE)
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                                    BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:          CIVIL - POST-CONVICTION
                                    COLLATERAL RELIEF
TRIAL COURT DISPOSITION:     DENIED MOTION FOR JUDGMENT ON
                                    THE PLEADINGS
DISPOSITION:                    AFFIRMED: 02/10/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    Sam Bradford Sr. appeals the Jefferson County Circuit Court's dismissal of his motion

for post-conviction collateral relief (PCCR) for lack of jurisdiction. We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.    After a jury trial, Bradford was convicted of murder and sentenced to life

imprisonment in the custody of the Mississippi Department of Corrections (MDOC). He

then filed a direct appeal arguing the verdict was against the overwhelming weight of the

evidence because no reasonable jury could have convicted him of anything other than

manslaughter. This Court affirmed his conviction. *See Bradford v. State*, 910 So. 2d 1232, 1234 (¶11) (Miss. Ct. App. 2005).

¶3. Thereafter, Bradford filed an application for leave to proceed in the circuit court with the Mississippi Supreme Court. On February 22, 2007, the supreme court denied his request. The supreme court found that the issues raised by Bradford either were raised on direct appeal or could have been raised. As a result, those issues were procedurally barred. The supreme court further found that Bradford's claim that his sentence was illegal was without merit. A second application for leave to proceed in the trial court was also denied by the supreme court on March 3, 2011.

¶4. Nevertheless, on December 5, 2011, Bradford filed a motion to vacate and set aside his murder conviction and to resentence him for manslaughter in the circuit court. The court treated his motion as a request for post-conviction collateral relief. On December 29, 2011, the circuit court found Bradford's motion was time-barred and barred as a successive writ; thus, his motion was dismissed. In addition, the circuit court sanctioned Bradford $250 and prohibited him from filing any additional PCCR motions until he either paid the $250 or was granted permission from the supreme court to file an additional PCCR motion.

¶5. On January 13, 2012, Bradford filed a motion for relief from the judgment pursuant to Mississippi Rule of Civil Procedure 60(b)(4). The circuit court again treated the motion as one for post-conviction collateral relief. The court denied this motion as time-barred and as a successive writ. Bradford appealed arguing his murder conviction should be vacated, and he should be resentenced for manslaughter. This Court affirmed the circuit court's

dismissal of Bradford's PCCR motion because the circuit court lacked jurisdiction. *Bradford v. State*, 116 So. 3d 164, 166 (¶9) (Miss. Ct. App. 2012).

¶6.    Then, on October 7, 2013, Bradford filed a motion for a judgment on the pleadings in the circuit court. The circuit court dismissed it for lack of jurisdiction. Bradford appeals this decision and argues that the dismissal violates his state and federal constitutional rights. He also argues again that his murder conviction should be vacated and that he should be resentenced for manslaughter.

## DISCUSSION

¶7.    In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. "The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous." *Smith v. State*, 806 So. 2d 1148, 1150 (¶3) (Miss. Ct. App. 2002). When issues of law are raised, the proper standard of review is de novo. *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999). Further, this Court will affirm the summary dismissal of a PCCR motion if the movant fails to demonstrate "a claim procedurally alive substantially showing the denial of a state or federal right." *Robinson v. State*, 19 So. 3d 140, 142 (¶6) (Miss. Ct. App. 2009).

¶8.    Article 3, Section 21 of the Mississippi Constitution states: "The privilege of the writ of habeas corpus shall not be suspended, unless when in the case of rebellion or invasion, the public safety may require it, nor ever without the authority of the legislature." The Mississippi Legislature addressed habeas corpus in the Mississippi Uniform Post-Conviction Collateral Relief Act. This Court has explained:

3

The Mississippi Uniform Post-Conviction Collateral Relief Act "repealed post-conviction use of habeas corpus and implemented a motion framework specifically for post-conviction collateral review of challenges to convictions or sentences, as opposed to pre-conviction challenges." A petition for habeas corpus is still a viable option in limited circumstances, such as a challenge of the denial of bail pending an appeal, but "purely collateral post-conviction remedies attacking a judgment of conviction or sentence should be sought under authority of the Post-Conviction Collateral Relief Act since that Act, in the pure post-conviction collateral relief sense, is arguably 'post-conviction habeas corpus renamed.'"

*Putnam v. Epps*, 963 So. 2d 1232, 1234 (¶5) (Miss. Ct. App. 2007) (internal citations omitted). Therefore, motions for post-conviction relief must satisfy the confines of the Mississippi Uniform Post-Conviction Collateral Relief Act.

¶9. Permission from the Mississippi Supreme Court must be obtained in order to seek post-conviction relief in the circuit court when a case is affirmed on direct appeal. Miss. Code Ann. § 99-39-7 (Supp. 2014). Also, the dismissal or denial by the supreme court of an application for leave to proceed in the trial court is a final judgment and bars successive applications under the statute. Miss. Code Ann. § 99-39-27(9) (Supp. 2014). Here, Bradford filed his motion for a judgment on the pleadings without permission of the supreme court. Therefore, we affirm the chancellor's decision that it lacked jurisdiction.

¶10. **THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**