# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00045-COA

JAMES HARRIS A/K/A JAMES M. HARRIS        APPELLANT
A/K/A JAMES MATHEW HARRIS

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/2013 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES HARRIS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 03/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES, ISHEE AND FAIR, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. James Harris was convicted of house burglary on May 23, 2003, and sentenced to twenty-five years as a habitual offender in the custody of the Mississippi Department of Corrections. He filed a direct appeal of his conviction, which this Court affirmed on February 22, 2005. Harris's petition for rehearing and petition for a writ of certiorari were subsequently denied.

¶2. Harris then filed an application for leave to proceed in the circuit court, but the Mississippi Supreme Court denied his request on September 22, 2010. Three years later,

Harris filed a motion for post-conviction relief (PCR) with the Rankin Count Circuit Court on November 14, 2013, challenging his sentence, specifically, his classification as a habitual offender. The circuit court dismissed Harris's petition as time-barred.

¶3. Harris now appeals the dismissal of his PCR motion. Finding that the circuit court lacked jurisdiction to consider the motion, we affirm the dismissal of Harris's PCR motion.

## DISCUSSION

¶4. A PCR motion may be dismissed by the circuit court without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Supp. 2014).

¶5. "When a case is affirmed on direct appeal, permission from the Mississippi Supreme Court must be obtained in order to seek post-conviction relief in the circuit court." *Campbell v. State*, 75 So. 3d 1160, 1161-62 (¶7) (Miss. Ct. App. 2011) (citing Miss. Code Ann. § 99-39-7 (Supp. 2011)). "This procedure is not merely advisory, but jurisdictional." *Id.* at 1162 (¶7) (quoting *Caldwell v. State,* 9 So. 3d 432, 433 (¶6) (Miss. Ct. App. 2008)). The supreme court's denial of an application for leave to proceed in the circuit court "is a final judgment and bars successive applications under the statute." *Bradford v. State*, 116 So. 3d 164, 165 (¶7) (Miss. Ct. App. 2013).

¶6. In *Bradford*, the supreme court twice denied the petitioner's application to proceed in the circuit court. *Id*. at (¶8). Nevertheless, Sam Bradford Sr. filed a PCR motion, which the circuit court dismissed as time-barred and as a successive writ. This Court concluded that because Bradford failed to obtain permission to file his motion, "the circuit court never had

2

jurisdiction to hear his PCR motion." *Id*. Therefore, we affirmed the dismissal of Bradford's

motion "on different grounds than those offered by the circuit court." *Id*. at 166 (¶9) (citing

*Campbell*, 75 So. 3d at 1162 (¶9)).

¶7.     Similarly, the supreme court in the present case denied Harris's request to file his PCR

motion in the circuit court, yet Harris filed a PCR motion with the circuit court three years

later.  Therefore, the circuit court did not have jurisdiction to consider Harris's motion.

However, the circuit court dismissed the motion as procedurally time-barred.  Accordingly,

as in *Bradford*, we affirm the dismissal of Harris's motion on the alternative ground that the

circuit court lacked jurisdiction.

¶8.     **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**