# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01799-COA

**BRIAN ANTHONY YOUNG A/K/A BRIAN A. YOUNG A/K/A BRIAN YOUNG**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2014 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRIAN ANTHONY YOUNG (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/29/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Brian Young appeals the Jackson County Circuit Court's dismissal of his motion for postconviction relief (PCR).  After finding that Young failed to obtain permission from the Mississippi Supreme Court for leave to proceed in the trial court pursuant to Mississippi Code Annotated section 99-39-7 (Rev. 2015), we affirm the trial court's dismissal of Young's PCR motion.[1]

_____

[1] The State filed a motion to dismiss Young's appeal.  The supreme court passed for consideration along with the merits of the appeal both the State's motion and Young's response.  In determining this appeal, we affirm the trial court's dismissal of Young's PCR

**FACTS**

¶2.     In April 2002, a Jackson County jury found Young guilty of murder. The trial court sentenced Young to serve a life sentence in the custody of the Mississippi Department of Corrections (MDOC). Young then appealed his conviction and sentence, which the Mississippi Supreme Court affirmed in *Young v. State*, 891 So. 2d 813, 821 (¶25) (Miss. 2005).

¶3.     On January 18, 2006, the supreme court granted Young leave to proceed with a PCR motion. Young filed his PCR motion, and the trial court entered an order on July 31, 2008, denying Young's PCR motion.[2] Young then appealed the trial court's denial of his PCR motion. On appeal, this Court entered an order affirming the trial court's denial of Young's PCR motion. *Young v. State*, 33 So. 3d 1151, 1160 (¶23) (Miss. Ct. App. 2009).[3]

---

motion. Therefore, issuance of a separate order to dispose of the State's pending motion is unnecessary, and we dismiss the motion as moot.

[2] The record reflects that the delay between the filing of Young's 2006 PCR motion and the trial court's 2008 order denying the motion was due to the effects of Hurricane Katrina.

[3] In *Young*, 33 So. 3d at 1153 (¶1), this Court addressed the following assignments of error asserted by Young: (1) his constitutional right to a speedy trial was violated; (2) the trial court erred in denying his request for an evidentiary hearing prior to denying his PCR motion; and (3) ineffective assistance of counsel. Within his argument that he was denied effective assistance from his trial counsel, Young also alleged that "in September 2000, his trial counsel received a confession letter from the victim's husband[,]" but the letter and envelope were never examined by a laboratory. *Id*. at 1158 (¶17). In its opinion, this Court acknowledged that at Young's trial, one of the detectives testified that "the letter was not sent to a laboratory for examination because the State believed too many people had touched the letter." *Id*. at (¶18). This Court ultimately held that "Young''s trial attorney's decision not to seek independent examination of the letter or object to the detective's testimony does not constitute ineffective assistance of counsel." *Id*.

¶4.    In 2013, Young filed a petition in the supreme court seeking leave to file a motion in the trial court for DNA testing of a confession letter and envelope, pursuant to section 99-39-7. On March 28, 2014, the supreme court dismissed Young's petition for leave to proceed in the trial court. In its order of dismissal, the supreme court cited *Means v. State*, 43 So. 3d 438, 442 (¶12) (Miss. 2010), and determined that Young had failed to present an "arguable basis that DNA testing would provide a reasonable likelihood of more probative results and demonstrate by reasonable probability that he either would not have been convicted or would have received a lesser sentence."

¶5.    Young disregarded the supreme court's order denying permission for leave to proceed and filed his "petition to test confession letter and envelope for DNA and fingerprints" in the trial court in April 2014. The trial court subsequently entered an order of dismissal explaining that "[b]ecause the supreme court denied [Young's] request for leave to proceed in the trial court, this court has no jurisdiction and the petition is hereby dismissed."

¶6.    Young now appeals and asserts the following assignments of error: (1) the trial court erred in summarily dismissing his PCR motion without determining if Young met the statutory requirements exempting him from the three-year statute of limitations under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015); (2) the trial court erred in finding that it lacked jurisdiction to consider Young's PCR motion; and (3) the trial court erred in failing to grant Young an evidentiary hearing to determine if he is entitled to DNA and fingerprint testing on the alleged confession letter and envelope.

**STANDARD OF REVIEW**

3

¶7. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Jackson v. State*, 178 So. 3d 807, 809 (¶8) (Miss. Ct. App. 2014).

## DISCUSSION

¶8. Although Young has styled his motion as a "petition to test confession letter and envelope for DNA and fingerprints," we recognize the supreme court's guidance that "pleading[s] cognizable under the Uniform [Postconviction] Collateral Relief Act (UPCCRA) will be treated as [PCR motions] that are subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleadings." *Doss v. State*, 126 So. 3d 1026, 1027-28 (¶5) (Miss. Ct. App. 2013) (citing *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011)). Accordingly, we find that Young's motion is essentially a PCR motion. *Id*.

¶9. We further recognize that "[w]hen a case is affirmed on direct appeal, permission from the Mississippi Supreme Court must be obtained in order to seek [PCR] in the circuit court." *Bradford v. State*, 116 So. 3d 164, 165 (¶7) (Miss. Ct. App. 2012) (quoting *Campbell v. State*, 75 So. 3d 1160, 1161-62 (¶7) (Miss. Ct. App. 2011)); *see also* Miss. Code Ann. § 99-39-7. Mississippi Code Annotated section 99-39-27(9) (Rev. 2015) provides: "The dismissal or denial of an application [for leave to proceed in the trial court] is a final judgment and shall be a bar to a second or successive application under this article." "This procedure is not merely advisory, but jurisdictional." *Harris v. State*, 160 So. 3d 722, 723

4

(¶5) (Miss. Ct. App. 2015) (quoting *Campbell*, 75 So. 3d at 1162 (¶7)).

¶10.    In the present case, we find that the trial court did not err in dismissing Young's PCR motion.  The record reflects that Young's conviction and sentence were affirmed by the supreme court on direct appeal.  *Young*, 891 So. 2d at 821 (¶25).  As a result, section 99-39-7 provides that Young must obtain permission from the supreme court in order to seek postconviction relief in the trial court.  The record herein reflects that the supreme court entered an order dismissing Young's motion for leave to proceed in the trial court after finding Young had failed to present an "arguable basis that DNA testing would provide a reasonable likelihood of more probative results and demonstrate by reasonable probability that he either would not have been convicted or would have received a lesser sentence." *See Means*, 43 So. 3d at 442 (¶12).  Since the supreme court failed to grant Young permission to file his PCR motion in the trial court, the trial court lacked jurisdiction to consider Young's motion.  Therefore, we affirm the trial court order dismissing Young's PCR motion.

¶11.    **THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.  ISHEE, J., NOT PARTICIPATING.**