# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01058-COA

**SAM BRADFORD, SR. A/K/A SAM BRADFORD**            **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/07/2016 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SAM BRADFORD SR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/01/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., BARNES AND CARLTON, JJ.

### LEE, C.J., FOR THE COURT:

¶1. This appeal concerns whether the trial court erred in dismissing Sam Bradford's motion for postconviction relief (PCR) for lack of jurisdiction. Finding no error, we affirm.

### PROCEDURAL HISTORY

¶2. Bradford was convicted of murder in 2004 in the Jefferson County Circuit Court and sentenced to life in the custody of the Mississippi Department of Corrections. Bradford appealed, and this Court affirmed his conviction. *See Bradford v. State*, 910 So. 2d 1232, 1234 (¶11) (Miss. Ct. App. 2005). Bradford subsequently sought permission two separate times from the Mississippi Supreme Court for leave to proceed in the trial court as required

by Mississippi Code Annotated section 99-39-7 (Rev. 2015). The supreme court denied both of Bradford's requests.

¶3. Bradford has since filed other requests for relief in the trial court, which have been denied due to lack of jurisdiction. This Court has affirmed the trial court's decisions. *See Bradford v. State*, 158 So. 3d 1202, 1204 (¶9) (Miss. Ct. App. 2015); *Bradford v. State*, 116 So. 3d 164, 165-66 (¶9) (Miss. Ct. App. 2012).

¶4. In 2016, Bradford filed another motion in the trial court seeking clarification of his sentence. Since Bradford had not sought leave to file the motion, the trial court dismissed the motion for lack of jurisdiction. Bradford now appeals, arguing that his sentence was illegal.

## STANDARD OF REVIEW

¶5. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶6. As previously stated, this Court affirmed Bradford's conviction and sentence in 2005. And pursuant to section 99-39-7, Bradford was required to seek permission from the supreme court before filing his PCR motion in the trial court. Bradford failed to do so; thus, the trial court properly dismissed his PCR motion for lack of jurisdiction.

¶7. **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**