# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00325-COA

**HENRY JACKSON A/K/A JUNE BUG**                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/15/2022 |
| TRIAL JUDGE: | HON. JAMES McCLURE III |
| COURT FROM WHICH APPEALED: | TATE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HENRY JACKSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY L. SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/18/2023 |
| MOTION FOR REHEARING FILED: | |

### BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     In 1993, Henry Jackson was convicted of selling cocaine and sentenced to serve forty years as a nonviolent habitual offender and subsequent drug offender. This Court affirmed his conviction and sentence. *Jackson v. State*, 662 So. 2d 209 (Miss. Ct. App. 1995).

¶2.     In 2022, Jackson filed a motion for post-conviction relief (PCR) in the trial court, alleging that the trial court illegally sentenced him as a habitual offender because the State did not prove his actual "served time" on his prior convictions.[1] The trial court dismissed the

---

[1] We note in passing that Jackson's claim is without merit. "The requirement that the defendant must have actually *served* separate terms of one year or more is a requirement of [the violent habitual offender statute] only; the issue is irrelevant under [the nonviolent habitual offender statute]." *Berryman v. State*, 337 So. 3d 1116, 1135 (¶70) (Miss. Ct. App. 2021), *cert. denied*, 338 So. 3d 127 (Miss. 2022), *cert. denied*, 143 S. Ct. 581 (2023). As

motion because the Mississippi Supreme Court had not granted Jackson permission to file the motion. *See* Miss. Code Ann. § 99-39-7 (Rev. 2020). Jackson appealed, but his appellate brief fails to address the basis of the trial court's order dismissing the case.

¶3. The trial court properly dismissed Jackson's PCR motion for lack of jurisdiction. Section 99-39-7 provides that a PCR motion "shall be filed as an original civil action in the trial court, *except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed.*" *Id.* (emphasis added). In cases in which a prisoner's conviction and sentence were affirmed on direct appeal, the prisoner *must* obtain permission from the Mississippi Supreme Court *before* filing a PCR motion in the trial court. *Id.* "This procedure is not merely advisory, but jurisdictional." *Dunaway v. State*, 111 So. 3d 117, 118 (¶6) (Miss. Ct. App. 2013) (quoting *Campbell v. State*, 75 So. 3d 1160, 1162 (¶7) (Miss. Ct. App. 2011)). Because Jackson failed to obtain permission from the Supreme Court, the trial court properly dismissed the motion for lack of jurisdiction. *Id.* at 119 (¶8).

¶4. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

noted above, Jackson was sentenced as a nonviolent habitual offender.