# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01247-COA

**FREDRICK JONES A/K/A FRED A/K/A FREDRICK LEE JONES**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                                                APPELLEE

DATE OF JUDGMENT:               09/06/2023
TRIAL JUDGE:                    HON. WILLIAM HUNTER NOWELL
COURT FROM WHICH APPEALED:      COAHOMA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         FREDRICK JONES (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: ALEXANDRA LEBRON
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 01/07/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., LAWRENCE AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.    In 1996, following a jury trial, Fredrick Jones was convicted of two counts of aggravated assault and sentenced to serve two consecutive terms of life imprisonment as a violent habitual offender.  This Court affirmed Jones's convictions and sentences on appeal. *Jones v. State*, No. 96-KA-00235-COA (Miss. Ct. App. Feb. 10, 1998) (unpublished op.).

¶2.    In 1999, Jones filed an application in the Mississippi Supreme Court for leave to file a motion for post-conviction relief (PCR) in the trial court.  The Supreme Court denied the application. *Jones v. State*, No. 1999-M-00004 (Miss. Mar. 31, 1999) (panel order).

¶3.    In 2023, Jones filed a second application in the Mississippi Supreme Court for leave

to file a PCR motion in the trial court. The Supreme Court dismissed the application for failure to comply with the requirements of Mississippi Code Annotated sections 99-39-9 and 99-39-27 (Rev. 2020). *Jones v. State*, No. 2023-M-01034 (Nov. 1, 2023) (panel order).

¶4. Before the Supreme Court dismissed Jones's second application for leave to proceed in the trial court, Jones also filed a "Motion on Sentencing Relief" in the trial court. Jones's motion was in the nature of a PCR motion. The trial court dismissed the motion for lack of jurisdiction because Jones had not received permission from the Supreme Court to file a PCR motion. Jones filed a notice of appeal.

¶5. The trial court properly dismissed Jones's motion for lack of jurisdiction. Mississippi Code Annotated section 99-39-7 (Rev. 2020) provides that a PCR motion "shall be filed as an original civil action in the trial court, *except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed*." *Id.* (emphasis added). If a prisoner's conviction and sentence have been affirmed on direct appeal, the prisoner *must* obtain permission from the Mississippi Supreme Court *before* filing a PCR motion in the trial court. *Id.* "This procedure is not merely advisory, but jurisdictional." *Dunaway v. State*, 111 So. 3d 117, 118 (¶6) (Miss. Ct. App. 2013) (quoting *Campbell v. State*, 75 So. 3d 1160, 1162 (¶7) (Miss. Ct. App. 2011)). Because Jones failed to obtain permission from the Supreme Court, the trial court properly dismissed his motion for lack of jurisdiction. *Id.* at 119 (¶8); *accord, e.g.*, *Jackson v. State*, 359 So. 3d 1132, 1133 (¶3) (Miss. Ct. App. 2023).

¶6. **AFFIRMED.**

2

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR. ST. PÉ, J., NOT PARTICIPATING.**