# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-01444-COA

**OMAR KHAYYAM HUMPHREY A/K/A OMAR HUMPHREY A/K/A OMAR K. HUMPHREY**　　　　　　APPELLANT

**v.**

**STATE OF MISSISSIPPI**　　　　　　APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/29/2024 |
| TRIAL JUDGE: | HON. JAMES McCLURE III |
| COURT FROM WHICH APPEALED: | TATE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OMAR KHAYYAM HUMPHREY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | VACATED AND RENDERED - 04/07/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McDONALD AND McCARTY, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1. In 1998, following a jury trial in the Tate County Circuit Court, Omar Humphrey was convicted of capital murder and sentenced to life imprisonment without eligibility for parole. The Mississippi Supreme Court affirmed Humphrey's conviction and sentence on appeal. *Humphrey v. State*, 759 So. 2d 368 (Miss. 2000).[1]

¶2. Humphrey has repeatedly applied to the Mississippi Supreme Court for permission to file motions for post-conviction relief (PCR) in the trial court. The Supreme Court denied Humphrey's first three applications. *Humphrey v. State*, No. 2003-M-00844 (Miss. Aug. 28,

---

[1] *Superseded on other grounds by* MRE 702 (amended 2003), *as recognized in Miss. Transp. Comm'n v. McLemore*, 863 So. 2d 31, 39 (¶¶22-23) (Miss. 2003).

2003); *Humphrey v. State*, No. 2003-M-00844 (Miss. Sept. 20, 2004); *Humphrey v. State*, No. 2005-M-00123 (Miss. Feb. 18, 2005). In 2010, the Supreme Court granted Humphrey leave to file a PCR motion based on his claim that a witness had recanted his trial testimony. *Humphrey v. State*, No. 2009-M-01991 (Miss. Apr. 7, 2010). Following an evidentiary hearing, the trial court denied Humphrey's PCR motion, finding that the witness's recantation was not credible and that Humphrey was not entitled to relief. On appeal, this Court affirmed the trial court's ruling, and the Mississippi Supreme Court denied certiorari review. *Humphrey v. State*, 159 So. 3d 560 (Miss. Ct. App. 2014), *cert. denied*, 150 So. 3d 708 (Miss. 2014). The Supreme Court subsequently denied two additional applications Humphrey filed for leave to proceed in the trial court. *Humphrey v. State*, No. 2015-M-00622 (Miss. July 29, 2015); *Humphrey v. State*, No. 2015-M-00622 (Miss. May 30, 2017); *see also Humphrey v. Banks*, No. 16-60228, 2017 WL 3725603 (5th Cir. Mar. 30, 2017) (denying Humphrey's request for a certificate of appealability from the denial of a successive petition for a writ of habeas corpus).

¶3. In 2024, Humphrey filed a motion in the trial court requesting a new PCR hearing pursuant to Mississippi Rule of Civil Procedure 60(b)(6). The trial court denied the motion, finding that it "simply attempts to reargue the merits of [Humphrey's prior] PCR motion." The trial court also found that the motion was untimely and "successive." Humphrey filed a notice of appeal.

¶4. After Humphrey filed his notice of appeal, he filed yet another application in the Mississippi Supreme Court for permission to file a PCR motion in the trial court. The claims

2

in that application are substantially similar to those in the motion at issue in this appeal. The Supreme Court denied Humphrey's application as successive, untimely, and without merit. *Humphrey v. State*, No. 2025-M-00583 (Miss. Sept. 2, 2025). The Court further found that Humphrey's claims were "frivolous" and "warned that future filings deemed frivolous could result in monetary sanctions or in restrictions on his ability to file applications for post-conviction collateral relief (or pleadings in that nature) in forma pauperis." *Id.*

¶5. In this appeal, we agree with the State that Humphrey's "Rule 60(b)(6) Motion" must be treated as a PCR motion because it simply reargues the merits of his prior PCR motion. *See Ronk v. State*, 391 So. 3d 785, 792 (¶13) (Miss. 2024) (holding that although the prisoner purported to proceed under Rule 60(b)(6), his motion was a PCR motion subject to the requirements of the Uniform Post-Conviction Collateral Relief Act (UPCCRA)). Under the UPCCRA, a PCR motion "shall be filed as an original civil action in the trial court, *except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed*." Miss. Code Ann. § 99-39-7 (Rev. 2020) (emphasis added). If a prisoner's conviction and sentence have been affirmed on direct appeal, he *must* obtain permission from the Mississippi Supreme Court *before* filing a PCR motion in the trial court. *Id.* "This procedure is not merely advisory, but jurisdictional." *Dunaway v. State*, 111 So. 3d 117, 118 (¶6) (Miss. Ct. App. 2013) (quoting *Campbell v. State*, 75 So. 3d 1160, 1162 (¶7) (Miss. Ct. App. 2011)). Because Humphrey failed to obtain permission from the Supreme Court, the trial court should have dismissed his motion for lack of jurisdiction rather than addressing its merits. *Allen v. State*, 288 So. 3d

358, 360-61 (¶¶8-13) (Miss. Ct. App. 2019); *Chandler v. State*, 190 So. 3d 509, 510-11 (¶¶6-10) (Miss. Ct. App. 2016). Therefore, we vacate the judgment of the circuit court and render judgment dismissing Humphrey's motion for lack of jurisdiction.

¶6.    **VACATED AND RENDERED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**