GRIFFIS, P.J., FOR THE COURT:
*577 ¶ 1. Earl Bates appeals the dismissal of his motion for post-conviction collateral relief (PCCR). We find no error and affirm. We additionally render sanctions in the amount of $100 for the repetitive and frivolous filings of motions, to be paid before Bates may file any subsequent motions.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 1995, Bates was convicted in the Circuit Court of Pike County of one count of murder and two counts of aggravated assault. Bates was sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2014)[1] to life for the murder conviction and twenty years for each aggravated-assault conviction, to be served consecutively to his life sentence.
¶ 3. In 1997, Bates's convictions and sentences were affirmed on direct appeal. In the years following the affirmance, Bates has filed numerous motions for PCCR in both the circuit court and the supreme court.
¶ 4. On March 13, 2017, Bates filed an application for leave to proceed in the circuit court. On May 5, 2017, the supreme court entered an order dismissing Bates's request for leave to proceed in the circuit court. Specifically, the supreme court found that Bates's motion was untimely, barred as a successive writ, and without merit. Despite the dismissal, Bates filed his motion for PCCR in the circuit court on June 19, 2017.
¶ 5. Bates filed another application for leave to proceed in the circuit court on June 28, 2017. But on August 2, 2017, the supreme court, once again, dismissed Bates's application.
¶ 6. On October 2, 2017, the circuit court dismissed Bates's motion for PCCR for a lack of jurisdiction due to Bates's failure to obtain leave.[2] Bates timely appealed.
¶ 7. The State subsequently moved to dismiss Bates's appeal and for sanctions due to his continued filing of frivolous motions. Both the motion to dismiss and the motion for sanctions were passed for consideration with the merits of Bates's appeal.
STANDARD OF REVIEW
¶ 8. The circuit court may dismiss a motion for PCCR when "[i]t plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief ...." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). We review a circuit court's denial or dismissal of a PCCR motion for abuse of discretion. Wallace v. State , 180 So.3d 767, 769 (¶ 7) (Miss. Ct. App. 2015). Questions of law are reviewed de novo. Id.
*578 ANALYSIS
I. Jurisdiction
¶ 9. As the procedural history of this case reflects, Bates's convictions and sentences were affirmed on direct appeal in 1997. See Bates v. State , 205 So.3d 1126, 1128 (¶ 9) (Miss. Ct. App. 2016). Pursuant to Mississippi Code Annotated section 99-39-7 (Supp. 2014), permission must be obtained from the Mississippi Supreme Court in order to seek post-conviction relief in the circuit court when a case is affirmed on direct appeal. Bradford v. State , 158 So.3d 1202, 1204 (¶ 9) (Miss. Ct. App. 2015).
¶ 10. Here, Bates filed two applications for leave to proceed in the circuit court. The supreme court subsequently dismissed both applications. Because Bates filed his motion for PCCR without permission from the supreme court, the circuit court lacked jurisdiction to consider the motion. Id. Thus, we affirm the circuit court's dismissal of Bates's motion for PCCR.
II. Motion to Dismiss Appeal
¶ 11. Because we have addressed Bates's appeal and affirmed the circuit court's judgment, we dismiss the State's pending motion to dismiss the appeal as moot.
III. Motion for Sanctions
¶ 12. The State requests that we sanction Bates for filing repetitive and frivolous motions, arguing that Bates's filings are a waste of court personnel, materials, and time. This Court, as well as the circuit court, is vested with the authority to impose sanctions on pro se litigants for frivolous filings. Walker v. State , 35 So.3d 555, 560 (¶ 21) (Miss. Ct. App. 2010). The sanctions may take the form of monetary sanctions and appropriate restrictions on future filings, or forfeiture of an inmate's accrued and earned time. See id. ; see also Haynes v. State , 174 So.3d 953 (¶ 3) (Miss Ct. App. 2015) (citing court order where pro se appellant was sanctioned $100 for frivolous filings).
¶ 13. The record shows that in February 2012, the supreme court warned Bates that "the filing of additional frivolous filings [would] subject [him] to sanctions." Thereafter, in December 2012, the supreme court sanctioned Bates $100 for the continued filing of frivolous motions.
¶ 14. In its May 5, 2017 order dismissing Bates's application for leave to proceed in the circuit court, the supreme court noted that Bates had filed six previous motions for post-conviction relief. Moreover, the supreme court found that Bates's present motion for PCCR was untimely, successive, and without merit. Yet, despite the supreme court's dismissal of his application and the supreme court's comments regarding his motion, Bates proceeded to file his motion for PCCR in the circuit court. We find Bates's motion for PCCR exhibits a blatant disregard of the procedural rules and the orders of the court and therefore grant the State's motion for sanctions.
¶ 15. Bates is hereby ordered to pay a sanction in the amount of one hundred dollars ($100). The Mississippi Supreme Court Clerk and the Mississippi Department of Corrections are to make all necessary accommodations for the proper receipt of the sanction.
CONCLUSION
¶ 16. Bates failed to obtain leave to proceed in the circuit court pursuant to section 99-39-7. As a result, the circuit court lacked jurisdiction and properly dismissed Bates's motion for PCCR. We therefore affirm the circuit court's judgment.
¶ 17. Additionally, due to Bates's disregard of the procedural rules and court *579 orders, we grant the State's motion for sanctions and render sanctions in the monetary amount of $100 to be paid before Bates may file an additional motion.
¶ 18. AFFIRMED.
LEE, C.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., NOT PARTICIPATING.

In 1982, Bates pleaded guilty to the charge of aggravated assault and was sentenced to serve eight years in the custody of the Mississippi Department of Corrections (MDOC). Thereafter, in 1990, Bates pleaded guilty to the charge of carrying a concealed weapon by a convicted felon and was sentenced to serve one year in the custody of the MDOC. These two prior felony convictions served as the factual basis for Bates's indictment as a habitual offender in 1995.

The circuit court additionally dismissed Bates's motion for PCCR on October 23, 2017. It is unclear why the circuit court filed two orders for Bates's single motion for PCCR; however, this order is written verbatim to the October 2, 2017 order.